# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
|---|---|
| v. | |
| RONALD GROSSMAN | CASE NUMBER: 08-6448-RSR |

FILED by _____ D.C.
DEC 1 6 2008
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – FT. LAUD.

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. From on or about June 3, 2008, through on or about December 15, 2008, in Broward County, in the Southern District of Florida, the defendant, Ronald Grossman, using a facility of interstate commerce, did knowingly attempt to induce an individual who had not attained the age of eighteen years to engage in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

I further state that I am a federally deputized Special Deputy United States Marshal and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT.

Donald P. Cannon
DONALD P. CANNON, SPECIAL DEPUTY
U.S. MARSHAL

Sworn to before me and subscribed in my presence,

12-16-08
Date

Ft. Lauderdale, ~~Miami,~~ Florida
City and State

Robin S. Rosenbaum, U.S. Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT

I, Donald P. Cannon, being duly sworn, depose and state as follows:

1. I am currently assigned as a Law Enforcement Investigator with the Child Predator Cybercrime Unit, Office of the Attorney General, State of Florida, and have been federally deputized as a Special Deputy United States Marshal. I have been employed by the Office of the Attorney General since July 2006.

2. I have an understanding of the Internet through training and experience and have investigated crimes dealing with the Internet. I have attended several seminars regarding online investigations. These seminars instructed your Affiant on how to access online services on the Internet and how to conduct an undercover Internet investigation.

3. I have participated in the execution of numerous search warrants during the past twenty years.

4. This affidavit is made in support of an application for a criminal complaint for Ronald **GROSSMAN**. The facts set forth in this affidavit are based both upon my own personal observation as well as information I have obtained from others. Although I am familiar with the full breadth of the facts and circumstances of this investigation, I have not included in the affidavit each and every fact known to me about the matters set forth herein. I have included only those facts and circumstances that I believe are sufficient to establish probable cause for the issuance of the requested criminal complaint. As set forth below, I believe that probable cause exists to show that **GROSSMAN**, using a facility and means of interstate and foreign commerce, did knowingly attempt to induce a minor to engage in sexual activity, in violation of Title 18, United States Code, Section 2422(b).

## SUMMARY OF INVESTIGATION

5. On June 3, 2008, an undercover law enforcement officer ("UCO"), while conducting an undercover operation targeting child predators in a Yahoo chat room, encountered an individual identifying himself as "flhandiman." Based on the UCO's experience in the chat room, it is the UCO's opinion that people in this chat room are there because of their interest in incest. While in the chat room, the UCO's online persona was that of a single mother with a 10-year-old daughter. "Flhandiman" began a conversation with UCO and an Instant Message conversation ("IM") (a real-time written conversation) ensued. UCO was physically located in Miami, Florida during the IMs described in this affidavit.

6. During the conversation, "flhandiman" stated, "Ron here in the fort lauderdale area too" and stated that he was married but looking "for an intimate friendship." "flhandiman" stated that he was interested in engaging in sexual activity with the UCO's 10-year-old daughter. During the IM conversation, "flhandiman" made several statements concerning specific acts he would like to perform with the UCO's daughter, including the following:

- The subject asked about the child having "an after school afternoon lover" and that "full penetration would be over time;"
- The subject stated that "I'm sure she will want to feel cum inside herself after a while;" and
- The subject stated that he would like "cuddling and kissing and oral play."

7. On June 9, 2008, UCO was again contacted by "flhandiman," and an IM ensued. During the conversation, "flhandiman" again expressed his interest in engaging in sexual activity with the UCO's 10-year-old daughter.

8. On June 22, 2008, UCO was again contacted by "flhandiman," and an IM ensued. During this conversation, the subject asked the name of the daughter and then asked to IM directly with the daughter. The UCO agreed to allow the daughter to join the IM and informed

2

"flhandiman" that she was at computer. "Flhandiman" utilized the PhotoShare feature of Yahoo to send an image of himself to UCO and the daughter, which were recorded. The image depicted the face of a white male with gray hair and wearing glasses and was titled "R.jpg."

9. Law enforcement officers later retrieved a Florida driver license photograph of Ronald GROSSMAN. Comparison of the image that "flhandiman" sent of himself titled "R.jpg" to the Florida driver license photograph revealed that the individual depicted in the picture was GROSSMAN.

10. After having shared his picture, "flhandiman" requested to see a picture of the daughter. UCO utilized the PhotoShare feature of Yahoo to send an image of a young child which is a picture of a sworn law enforcement officer when she was a child. The sworn law enforcement officer agreed to have the picture utilized in this investigation for this purpose.

11. During the June 22 conversation, "flhandiman" stated that he thought that UCO and the daughter would "want to meet the right person in a public place first…to decide if he is the right one for her." He that stated that he wanted to meet at the UCO's residence or to "meet in public first for just a meet and greet."

12. On June 24, 2008, UCO was contacted by "flhandiman," and an IM ensued. During this conversation, he introduced UCO to a third person, using the screen name of "ruthiemom2007." He explained that "ruthiemom2007" was a mother whom he had met online who was actively engaged in sexual activity with her 11-year-old daughter. During this conference IM, "ruthiemom2007" asked several direct questions of the UCO and the UCO's daughter.

13. Later that same day, UCO was contacted again by "flhandiman," and an IM ensued. During this conversation, "flhandiman" stated that "ruthiemom2007" had expressed concern that

3

the UCO was "a cop or reporter trying to entrap me." He reiterated that he did not want to meet the UCO at a motel.

14. On July 14, 2008, UCO was contacted by "flhandiman" and an IM ensued. During this conversation, he stated that he was still interested in engaging in sexual activity with UCO's daughter. He also stated that he wanted to meet in public first "but nothing of an intimate nature in public either" and that the "first meeting doesn't need to go further then [sic] talking either."

15. UCO was again contacted by "flhandiman" on August 20, August 25, December 1, and December 5, and December 8. On each occasion, an IM ensued. During each conversation, "flhandiman" again expressed is interest in engaging in sexual activity with UCO's daughter.

16. On December 9, 2008, "flhandiman" again contacted UCO, and an IM ensued. "flhandiman" again expressed his desire to engage in sexual activity with UCO's daughter and stated "I was hoping I might end up being her first."

17. Later the same day, "flhandiman" again contacted UCO, and an IM ensued. "flhandiman" asked to speak directly to UCO's daughter, and UCO agreed to allow "flhandiman" to speak to her daughter. While speaking to the fictitious daughter, "flhandiman" made the following statements:

- "have you learned to kiss with open mouth?"
- "have you had oral done to you or tried giving oral?"

18. On December 15, 2008, UCO responded to an offline message sent by "flhandiman" the previous day. "flhandiman" responded with an instant message, and an IM ensued. "flhandiman" again discussed meeting UCO's daughter to engage in sexual activity. During the conversation, "flhandiman" and UCO arrange to meet on Tuesday, December 16, 2008, at 9:00 a.m. at a coffee shop. "flhandiman" asked for UCO's phone number, which was provided. In a

recorded conversation, "flhandiman" again expressed his desire to engage in sexual activity with UCO's daughter.

19. On December 16, 2008, at approximately 9 a.m., GROSSMAN arrived at the coffee shop specified in the conversation from the previous day.

20. The Internet is a global network of computers and other devices. Every device on the Internet is identified by a unique number called an Internet Protocol, or "IP" address. This number is used to route information between devices. Two computers must know each other's IP addresses to exchange even the smallest amount of information. Accordingly, when one computer requests information from a second computer, the requesting computer specifies its own IP address so that the responding computer knows where to send its response. An IP address is analogous to a telephone number, although a particular computer's or device's IP address may change over time. Accordingly, when law enforcement identifies an IP address and a time of communication, the subscriber involved in the communication can be identified.

21. Subscriber records obtained from Yahoo indicate the subscriber of the screen name of "flhandiman" is "Ron Handiman" of Fort Lauderdale, Florida 33326 and that the screen name accessed the Internet from IP address 74.173.15.53. Subscriber records obtained from AT&T indicate that the IP address of 74.173.15.53 is a static IP address which was assigned to Ronald GROSSMAN at 2894 Oakbrook Drive in Weston, Florida 33332.

22. The computer servers used to transmit IM messages by Yahoo are located outside of the state of Florida. Accordingly, communicating over Yahoo involves use of a facility of interstate commerce.

5

## CONCLUSION

23.     Based upon the foregoing, I believe that there is probable cause to believe that **RONALD GROSSMAN**, using a facility and means of interstate and foreign commerce did knowingly attempt to induce a minor to engage in sexual activity for which a person could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

Further affiant sayeth naught.

*Donald P. Cannon*
Donald P. Cannon
Special Deputy United States Marshal

Sworn and subscribed before me this __16th__ day of December, 2008.

*Robin S. Rosenbaum*
Honorable Robin S. Rosenbaum
United States Magistrate Judge

6